IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| VALERIE COOPER,<br><br>              Plaintiff,<br><br>v.<br><br>MONETARY INC d/b/a MONETARY CONSULTING, a Utah Corporation, MONETARY CONSULTING, LLC, a Utah limited liability company, RYAN GARDNER, an individual, JEFF GARDNER, an individual, and JOHN DOES 1-50, unknown entities and individuals,<br><br>              Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:12CV506 DAK |

      This matter is before the court on a Motion for Summary Judgment filed by Defendants Monetary Inc. d/b/a Monetary Consulting, Monetary Consulting, LLC, Ryan Gardner, and Jeff Gardner.[1] The court has carefully reviewed the motion and written memoranda and exhibits

---

    [1] Docket No. 36. Defendants had previously filed a Motion for Summary Judgment. *See* Docket No. 16. Plaintiff failed to timely respond to the first Motion for Summary Judgment, which Defendants had filed on February 12, 2013. The court, however, invited Plaintiff to file a motion for an extension of time. *See* Docket No. 17. Plaintiff then obtained an extension of time to respond to the motion. *See* Docket No. 19. Subsequently, Plaintiff filed a Rule 56(d) Motion to a Continuance to Conduct Discovery. *See* Docket No. 20. On May 31, 2013, the court denied without prejudice Defendants' Motion for Summary Judgment and granted Plaintiff's Rule 56(d) Motion. *See* Docket No. 31. The court instructed Defendants that they could refile a Motion for Summary Judgment after discovery had been completed. *Id.* Accordingly, Defendants filed the instant Motion for Summary on September 19, 2013.

1

submitted by Defendants. Ms. Cooper, a pro se Plaintiff, has failed to oppose the motion, despite the court's granting her a *sua sponte* extension of time to respond and notifying her that if no response was filed by December 6, 2013, the court would decide the motion soon thereafter.[2]

Although the motion has not been opposed, the court may not grant summary judgment under Rule 56(c) of the Federal Rules of Civil Procedure *unless* the moving party has met its initial burden of production and demonstrated its entitlement to judgment as a matter of law. *See Reed v. Nellcor Puritan Bennett*, 312 F.3d 1190, 1194 (10th Cir. 2002). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When considering a motion of summary judgment, the court views "all facts [and evidence] in the light most favorable to the party opposing summary judgment." *S.E.C. v. Smart*, 678 F.3d 850, 856 (10th Cir. 2012) (quoting *Grynberg v. Total S.A.*, 538 F.3d 1336, 1346 (10th Cir. 2008)). The movant must prove that no genuine issue of material fact exist for trial. *See* Fed. R. Civ. P. 56(a); *Nahno-Lopez v. Houser*, 625 F.3d 1279, 1283 (10th Cir. 2010). Accordingly, to survive summary judgment, "the nonmoving party must come forward with specific facts showing there is a genuine issue for trial." *Smart*, 678 F.3d at 858 (quoting *L & M Enters. v. BEI Sensors & Sys. Co.*, 231 F.3d 1284, 1287 (10th Cir. 2000).

---

[2] Docket No. 37 (Docket Text Order, entered on November 19, 2013, noting that "Plaintiff has not filed a response to the motion, and the deadline for doing so was approximately one month ago. If Plaintiff intends to respond to the motion, the response must be filed by December 6, 2013. If no response if filed by that date, the court will rule on the motion soon thereafter."). A copy of the Docket Text Order was mailed to Plaintiff on November 19, 2013.

Having reviewed the motion and supporting materials filed by Defendants, the court finds that they have met their burden of demonstrating the absence of a genuine issue of material fact as to each of Plaintiff's claims and have demonstrated that they are entitled to judgment as a matter of law.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Defendants' Motion for Summary Judgment [Docket No. 36] is GRANTED. The Clerk of Court is directed to enter Judgment in favor of Defendants Monetary Inc. d/b/a Monetary Consulting, Monetary Consulting, LLC, Ryan Gardner, and Jeff Gardner and against Plaintiff and to close the instant case.

DATED this 27th day of March, 2013.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge